In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00090-CV


______________________________





 IN THE INTEREST OF A.C.M., A CHILD





 


On Appeal from the 102nd Judicial District Court


Red River County, Texas


Trial Court No. CV01948




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Appellant, Danny Martin, filed a notice of appeal September 24, 2009, from the trial court's
"Order Establishing the Parent-Child Relationship." That order was signed September 4, 2009. 

 Martin also filed a motion for new trial September 24, 2009. The trial court subsequently
granted that motion November 20, 2009.

 Generally, appeals may be taken only from final judgments. Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001). When a motion for new trial is granted, the case is reinstated on the
docket of the trial court and will stand for trial the same as though no trial had been conducted.
Wilkins v. Methodist Health Care Sys., 160 S.W.3d 559, 563 (Tex. 2005). Thus, when the trial court
grants a motion for new trial, the trial court "essentially wipes the slate clean and starts over." Id. 
Here, the trial court granted Martin's motion for new trial within the period of its plenary power. 
See Tex. R. Civ. P. 329b(d), (e); Thomas v. Oldham, 895 S.W.2d 352, 356 (Tex. 1995). Therefore,
the issues presented in this appeal are rendered moot and this Court lacks appellate jurisdiction. 

 Accordingly, we dismiss the appeal for want of jurisdiction.



 Bailey C. Moseley

 Justice


Date Submitted: December 22, 2009

Date Decided: December 23, 2009



2.33.

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence; and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 We do not believe the sentence was grossly disproportionate to the gravity of the offense, but
even if it was, there is no evidence in the record from which we could compare Garcia's sentence to
the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed
a similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000, pet. ref'd);
Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). Without such
evidence, the record before us does not support Garcia's claim of demonstrable error. Cf. Jackson,
989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences imposed for similar
offenses on criminals in Texas or other jurisdictions by which to make a comparison").

 There being no other issues before us, we affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: June 18, 2008

Date Decided: June 19, 2008


Do Not Publish
1. Garcia has a companion appeal pending before this Court in cause number 06-07-00208-CR
concerning his conviction for evading detention with a vehicle.
2. There were two motions for new trial in this case, filed one day apart, the first filed by
Garcia's appellate counsel, Alex Tyra, preserving the claim of disproportionate sentence, and the
second filed by Garcia's trial counsel, Clement Dunn, which did not preserve this issue. Due to these
unusual circumstances, we are considering the issue of disproportionate sentence as preserved in the
first motion for new trial, filed by appellate counsel.
3. The trial court did not conduct a hearing on Garcia's motion for new trial, which was
overruled by operation of law. See Tex. R. App. P. 21.8.