**In the Interest of D.T.K., a Minor Child.**

**No. 05–10–01613–CV.**

Court of Appeals of Texas, Dallas.

March 26, 2012.

Rehearing Overruled May 8, 2012.

Gregory L. Koss, Paula J. Gaus, Law Office of Paula J. Gaus, Dallas, TX, for Appellant.

Craig A. Jackson, Brewer & Jackson, P.C., Irving, Tara Brighton, Dallas, TX, for Appellee.

Before Chief Justice WRIGHT and Justices FRANCIS and LANG–MIERS.

### MEMORANDUM OPINION ON REHEARING

PER CURIAM.

Before the Court is appellee's motion for en banc reconsideration of her motion to review the trial court's order sustaining the court reporter's contest to her affidavit of indigence. We deny the motion. On our own motion, we withdraw our December 5, 2011 opinion and vacate the accompanying order of that date. This is now the opinion of the Court.

This appeal stems from a divorce. On December 22, 2010, after appellant, D.T.K.'s father, filed his notice of appeal, but during the trial court's plenary power, the trial judge signed a nunc pro tunc final decree of divorce. Appellee, D.T.K.'s mother, filed an affidavit of indigence three weeks later and a notice of cross-appeal from the nunc pro tunc decree on March 7, 2011. The court reporter filed a contest to appellee's affidavit on April 6, 2011, and following a hearing on May 20, 2011, the trial court sustained the contest.

■ Appellee seeks review of the trial court's order, contending the trial court erred because the contest was not filed

within ten days of the filing of the affidavit. *See* Tex.R.App. P. 20.1(e),(f). Because appellee failed to timely file her notice of cross-appeal, we conclude we have no jurisdiction over her cross-appeal, dismiss the motion seeking review of the order sustaining the contest, and dismiss the cross-appeal.

 Appellate jurisdiction is never presumed and issues related to our jurisdiction over an appeal may be raised on our own motion at any time. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam); *PopCap Games, Inc. v. Mumbo–Jumbo, LLC*, 350 S.W.3d 699, 715 (Tex.App.-Dallas 2011, pet. filed); *Bell v. Zurich Am. Ins. Co.*, 311 S.W.3d 507, 512 (Tex.App.-Dallas 2009, pet. denied) (suppl. op. on reh'g). Jurisdiction vests with this Court when a party perfects its appeal by timely filing a notice of appeal in compliance with Texas Rule of Appellate Procedure 26.1. *See* Tex.R.App. P. 25.1(b); *Lab. Corp. of Am. v. Mid–Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 529 (Tex.App.-Dallas 2000, no pet.). Generally, a notice of cross-appeal must be filed by the later of the following periods (1) thirty days from the date of judgment or, if certain post-judgment filings are made, within ninety days from the date of judgment or (2) fourteen days after the date the first notice of appeal was filed. Tex.R.App. P. 26.1(d). When, as here, the trial court signs a nunc pro tunc judgment within its plenary power period, appellate deadlines run from the date the nunc pro tunc judgment was signed. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 313 (Tex.2000). Unless the record demonstrates the notice of cross-appeal was timely filed, we must dismiss the cross-appeal. *See PopCap Games*, 350 S.W.3d at 715.

The nunc pro tunc judgment was signed December 22, 2010, after appellant perfected his appeal. Nothing in the record reflects any post-judgment filings were made to extend the thirty-day deadline for filing the notice of cross-appeal. Thus, appellee's notice of cross-appeal was due no later than January 21, 2011. *See* Tex. R.App. P. 26.1(d). Appellee's March 7, 2011 untimely notice of cross-appeal failed to vest jurisdiction in this Court over her appeal. Accordingly, we dismiss her motion to review the trial court's order sustaining the contest to her affidavit of indigence and dismiss her cross-appeal for want of jurisdiction. *See id.* 42.3(a).