# IN THE SUPREME COURT OF TEXAS

No. 12-0501

TARA S. BRIGHTON F/K/A SYBIL B. KOSS, PETITIONER

v.

GREGORY KOSS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

## JUDGMENT

THE SUPREME COURT OF TEXAS, having heard this cause on petition for review from the Court of Appeals for the Fifth District, and having considered the appellate record and counsels' briefs, but without hearing oral argument under Texas Rule of Appellate Procedure 59.1, concludes that the court of appeals' judgment should be reversed.

IT IS THEREFORE ORDERED, in accordance with the Court's opinion, that:

1) The court of appeals' judgment is reversed;

2) The cause is remanded to the court of appeals for further proceedings consistent with this Court's opinion; and

3) Tara S. Brighton f/k/a Sybil B. Koss shall recover, and Gregory Koss shall pay, the costs incurred in this Court.

Copies of this judgment and the Court's opinion are certified to the Court of Appeals for the Fifth District and to the District Court of Dallas County, Texas, for observance.

Opinion of the Court delivered Per Curiam

August 23, 2013

**********

# IN THE SUPREME COURT OF TEXAS

No. 12-0501

TARA S. BRIGHTON F/K/A SYBIL B. KOSS, PETITIONER,

v.

GREGORY KOSS, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

**PER CURIAM**

Generally, a postjudgment motion is subsumed by a subsequent judgment that grants all of the relief requested in the motion. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563-64 (Tex. 2005). When subsumed by the subsequent judgment, the motion does not extend the appellate deadlines after the subsequent judgment. *Id.* at 562. But when a subsequent judgment does not grant all requested relief, the motion remains as a viable complaint about the subsequent judgment and extends the appellate deadlines after that judgment. *Id.*

This case involves the latter circumstance—a second judgment that did not grant all the relief requested in a motion that sought to modify the previous judgment. The court of appeals dismissed the appeal as untimely, observing that "[n]othing in the record reflects any postjudgment filings were made to extend the thirty-day deadline for filing the notice of cross-appeal." ___ S.W.3d ___, ___,

2012 WL 1032791, at *1 (Tex. App.—Dallas 2012) (mem. op.). But the court failed to notice that appellant timely filed a motion to modify the first judgment and that the trial court's second judgment did not grant all the relief requested by that motion. The motion to modify thus operated to extend the appellate timetable after the second judgment, making the filing of the notice of appeal timely. Because the court of appeals erred in dismissing the appeal, we reverse its judgment and remand the case to the court of appeals.

This appeal arises out of the divorce of Tara S. Brighton f/k/a Sybil B. Koss and Gregory Koss. Following a jury trial, the trial court signed the divorce decree on October 18, 2010. Thirty days later, Brighton filed a "Motion to Modify, Correct, or Reform Judgment."[1] Six days after that, Koss filed his notice of appeal.

On December 22, 2010, the trial court signed a second judgment, titled "Nunc Pro Tunc Final Decree of Divorce."[2] Brighton filed an affidavit of indigence on January 13, 2011, and her notice of appeal on March 7, 2011, seventy-five days after the trial court's second judgment. Brighton's appeal was docketed under the same cause number as the earlier appeal taken by her ex-

---

[1] Koss also filed a motion for new trial, but we cannot determine from the record whether it was timely. The district clerk stamped the document "filed" on November 18, 2010, however, the certificate of service and cover letter are dated November 11, 2010, twenty-four days after the trial court signed the original decree. The cover letter refers to the "enclosed" motion for new trial, suggesting that the motion may have been mailed. However, without the envelope, we cannot determine what day the motion was mailed and whether Koss used the United States Postal Service. *See* TEX. R. CIV. P. 5; *see also* TEX. R. APP. P. 26.1(a) (extending the appellate timetable when any party files a motion for new trial).

[2] Whether the second judgment actually corrected a clerical mistake and was thus properly label *nunc pro tunc* is immaterial to our decision because the second judgment was signed while the court retained plenary jurisdiction.

2

husband, Koss.[3] Meanwhile, the court reporter contested Brighton's affidavit of indigence, and the trial court, after a hearing, sustained the contest. Brighton then filed a second notice of appeal. In her second notice, Brighton complained the trial court erred by sustaining the reporter's contest because the contest and the hearing were untimely. *See* TEX. R. APP. P. 20.1.

The court of appeals initially docketed Brighton's second notice of appeal as a separate cause but subsequently consolidated it with the earlier appeals. In its consolidation order, the court stated that it would treat Brighton's notice of appeal of the court reporter's contest "as a motion to review the trial court's order sustaining the objection to [Brighton's] affidavit of indigence." Sometime after that, the court dismissed Brighton's appeal as untimely, while leaving Koss's appeal pending. ___ S.W.3d ___.

Brighton appealed the order dismissing her appeal, and we requested briefs on the merits. We subsequently abated the appeal as premature because of questions concerning the finality of the dismissal order. *See* TEX. R. APP. P. 27.2 (regarding premature filings). We asked the court of appeals for clarification, and the court obliged by severing Brighton's appeal from Koss's, thereby making its order dismissing Brighton's appeal a final judgment. *See* TEX. R. APP. P. 53.1 (requiring a final judgment as predicate for a petition for review in the Supreme Court). We thereupon reinstated Brighton's appeal to consider whether the court of appeals erred in dismissing her appeal to that court as untimely.

---

[3] Koss's appeal in the court of appeals is styled, In the Interest of D.T.K., a minor child. The court of appeals has abated that appeal pending our determination in this cause.

3

Generally, a party must perfect its appeal by filing written notice in the trial court within thirty days after the judgment is signed. TEX. R. APP. P. 25.1, 26.1(a). That deadline is extended to ninety days by the filing of certain postjudgment motions, such as a motion for new trial or a motion to modify the judgment, during that initial thirty-day window. TEX. R. APP. P. 26.1(a)(1)-(2). When a party prematurely files a notice of appeal, our procedural rules treat the premature notice as filed subsequent to the order or judgment to which it applies. TEX. R. APP. P. 27.2; *see also* TEX. R. CIV. P. 306c (treating prematurely filed motions for new trial as filed subsequent to the signing of the judgment). Similarly, when a motion for new trial or motion to modify is filed before the final judgment is signed, we do not require the party to refile the complaint after the formal judgment to extend the appellate deadlines. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam) (citing *Gomez v. Tex. Dep't of Criminal Justice, Inst'l Div.*, 896 S.W.2d 176, 176-77 (Tex. 1995) (per curiam)) (treating motion for judgment notwithstanding the verdict as a prematurely filed motion to modify or motion for new trial). And when a court replaces an existing judgment during plenary power, but the new judgment fails to correct an error asserted in a previously filed postjudgment motion, the movant is not required to refile the motion to preserve the error, *Fredonia State Bank v. General American Life Insurance Co.*, 881 S.W.2d 279, 282 (Tex. 1994), or to extend the appellate deadlines, *Wilkins*, 160 S.W.3d at 562.

The second judgment, signed on December 22, 2010, restarted the appellate timetable. *See* TEX. R. CIV. P. 329b(h) (providing that the appellate timetable restarts when a trial court modifies the judgment in any respect); *Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1998) (per curiam) (holding

4

that any modification, even if immaterial or insubstantial, restarts the appellate timetable). The parties, however, disagree whether Brighton's previously filed motion to modify extended the appellate timetable after the second judgment. Koss argues that it did not because the second judgment granted Brighton all the relief she requested in the motion to modify. We disagree.

Brighton's motion to modify requested the trial court (1) to correct the original decree to identify the properties against which the equitable lien attaches; (2) to reform the decree to include repayment terms of the economic contribution award; and (3) to order Koss to sign a lien note and/or deed of trust to secure the equitable lien. The second judgment amended the first to include the properties against which the equitable lien was to attach but did not mention Brighton's motion or otherwise address its complaints. Because the second judgment did not correct all of the errors or omissions asserted in Brighton's previous motion to modify, the motion operated to extend the appellate timetable applicable to the second judgment. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000) ("[A] timely filed postjudgment motion that seeks a substantive change in an existing judgment qualifies as a motion to modify under Rule 329b(g), thus extending . . . the appellate timetable.").

Under the extended timetable, Brighton's notice of appeal was timely, and the court of appeals erred by dismissing her appeal. *See Wilkins*, 160 S.W.3d at 562. Therefore, pursuant to Texas Rule of Appellate Procedure 59.1, we reverse the court of appeals' judgment without hearing oral argument and remand the cause to that court along with Brighton's request for review of the trial court's order sustaining the contest to her affidavit of indigence.

5

Opinion Delivered:  August 23, 2013