**Order entered October 23, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-10-01613-CV

### IN THE INTEREST OF D.T.K., A MINOR CHILD

### On Appeal from the 303rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DF-07-12791

## ORDER

We **REINSTATE** this appeal from the trial court's final decree of divorce. By order entered July 19, 2013, we severed from this cause appellee Mother's cross-appeal so as to make final our March 26, 2012 memorandum opinion dismissing the cross-appeal for want of jurisdiction. We also abated this cause in the interest of justice, pending final disposition of Mother's petition for review challenging our dismissal. By opinion dated August 23, 2013, the supreme court reversed our judgment and remanded the cause "along with [Mother's] request for review of the trial court's order sustaining the contest to her affidavit of indigence."[1] *See Brighton v. Koss*, No. 12-0501, 2013 WL 4493580, at *3 (Tex. Aug. 23, 2013). Because our jurisdiction over Mother's cross-appeal has been established, we **CONSOLIDATE** Mother's

---

[1] Because Father filed a motion for rehearing, the court's mandate did not issue until October 18, 2013.

cross-appeal, appellate cause number 05-13-00952-CV, back with this cause. The parties shall now use only cause number 05-10-01613-CV when referencing the appeal.

Turning to appellee's motion for review of the trial court's order sustaining the contest to her affidavit of indigence, the record reflects Mother filed her affidavit of indigence on January 13, 2011. The court reporter, Donna Kindle, filed a contest three months later, on April 6, 2011. Texas Rule of Appellate Procedure 20.1(e) requires a contest be filed within ten days from the date the affidavit was filed; if the contest is untimely, rule 20.1(f) provides that the affidavit's allegations will be deemed true, and the party will be allowed to proceed without advance payment of costs. *See* TEX. R. APP. P.20.1(e), (f); *see also Morris v. Aguilar*, 369 S.W.3d 168, 170 (Tex. 2012). Because the court reporter filed her contest three months after Mother's affidavit, it was untimely, and the trial court erred in sustaining the contest. Accordingly, we **REVERSE** the trial court's order sustaining the contest. Mother's allegations in her affidavit are deemed true and she is allowed to appeal without advance payment of costs. As a partial reporter's record has already been filed at appellant Father's request, we **ORDER** Donna Kindle to file, within thirty (30) days of the date of this order, a supplemental reporter's record containing the additional exhibits and portions of the testimony designated by Mother.

We **DIRECT** the Clerk of the Court to send a copy of this order to Donna Kindle, Official Court Reporter of the 303rd Judicial District Court, and the Honorable Dennise Garcia, Presiding Judge of the 303rd Judicial District Court.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE