

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| IN THE MATTER | § | No. 08-13-00282-CV |
| OF THE GUARDIANSHIP | § | Appeal from the |
| OF SOCORRO MIRANDA, | § | Probate Court No. 2 |
| AN INCAPACITATED PERSON. | § | of El Paso County, Texas |
|  | § | (TC# 2012-CGD01716) |
|  | § |  |

**ORDER**

On October 18, 2013, the Court issued an opinion and judgment dismissing the appeal for want of jurisdiction. Appellant, Luis Miranda, has filed a motion for rehearing asserting that he timely filed a motion for new trial which operated to extend the deadline for filing his notice of appeal.

A civil appeal is perfected when the notice of appeal is timely filed. TEX.R.APP.P. 25.1, 26.1; *see Restrepo v. First National Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no writ). The notice of appeal must be filed within 30 days after the judgment or appealable order is signed or within 90 days if any party timely files a motion for new trial. TEX.R.APP.P. 26.1(a)(1). The motion for new trial is due to be filed within thirty days

after the judgment is signed.  TEX.R.CIV.P. 329b(a).

The docketing statement provided to the Court by the El Paso County Clerk reflected that the trial court signed the judgment on July 11, 2013 and Appellant filed an untimely motion for new trial on August 19, 2013.  Based on these procedural facts, we concluded that Appellant's notice of appeal filed on September 23, 2013 was untimely and we notified Appellant of our intent to dismiss the appeal for want of jurisdiction.  In his response, Appellant did not state any basis for finding that he had timely filed his notice of appeal.  In his motion for rehearing, however, Appellant asserts that he filed a motion for new trial on July 1, 2013 which was after the hearing but before the trial court signed the judgment.  Appellant did not provide the Court with a file-marked copy of the motion for new trial but the El Paso County Clerk has delivered a copy of the motion to the Court.

When a motion for new trial or motion to modify is filed before the final judgment is signed, a party is not required to re-file the motion after the formal judgment to extend the appellate deadlines.  *Brighton v. Koss*, --- S.W.3d ----, 2013 WL 4493580, at \*2 (Tex. 2013); *see* TEX.R.APP.P. 27.2 (appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and given them effect as if they had been taken after the order was signed); TEX.R.CIV.P. 306(c)("No motion for new trial…shall be held ineffective because prematurely filed; but every such motion shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails…").  Pursuant to Rules 27.2 and 306(c), the prematurely filed motion for new trial is deemed to have been filed on July 11, 2013.  Accordingly, we conclude that the motion for new trial is effective to extend the due date for the filing of the notice of appeal to October 9, 2013 and Appellant's notice of appeal filed on September 23, 2013 was timely.  Appellant's motion for rehearing is granted and the

opinion and judgment issued on October 18, 2013 are withdrawn. Further, we grant Appellant's motion for leave to file an amended notice of appeal. The clerk's record is due to be filed on January 12, 2014.

GUADALUPE RIVERA, Justice

December 13, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.