ACCEPTED
06-15-00080-cv
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/2/2015 1:03:56 PM
DEBBIE AUTREY
CLERK

## NO. 06-15-00080-CV

**IN THE COURT OF APPEALS**
**SIXTH JUDICIAL DISTRICT OF TEXAS**
**TEXARKANA, TEXAS**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/2/2015 1:03:56 PM
DEBBIE AUTREY
~~Clerk~~

**JOHN W. BOWERS,**

**APPELLANT,**

**v.**

**BANK OF AMERICA, NA, AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP,**

**APPELLEE.**

**Appeal from the 345TH Judicial District Court**
**Travis County, Texas**
**Trial Court Case No. D-1-GN-12-002006**
**Hon. Karen Crump, Presiding**

**REPLY IN SUPPORT OF APPELLEE'S MOTION TO DISMISS FOR WANT OF JURISDICTION**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW, Appellee Bank of America, NA, as Successor by Merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP ("Appellee"), and files this its *Reply in Support of Appellee's Motion to Dismiss for Want of Jurisdiction*, and respectfully shows as follows:

REPLY IN SUPPORT OF APPELLEE'S MOTION TO DISMISS FOR WANT OF JURISDICTION—PAGE 1

## I.

1.        Appellant John W. Bowers ("Appellant") in his Response argues that his Notice of Appeal ("NOA"), filed on September 10, 2015, was timely because it was filed thirty days after his Motion for New Trial ("MNT") was overruled by operation of law.  *See Response, p.1.*  Appellant's argument is unfounded because (a) his deadline to file his notice of appeal did not depend upon when his MNT was overruled by operation of law and (b) Appellant's NOA was nevertheless filed more than 30 days after his MNT was overruled by operation of law.

### *Appellant's NOA was due 90 after the Judgment was signed*

2.        Texas Rule of Appellate Procedure 26.1(a) provides that notices of appeal, when a motion for new trial is timely filed, are due 90 days after the judgment is signed.  TEX. R. APP. P. 26.1(a); *Brighton v. Koss*, 415 S.W.3d 864, 866 (Tex. 2013).  Here, the Trial Court signed its Judgment on April 29, 2015.  *See Exhibit A to Appellant's Motion.*  Appellant timely filed his MNT on May 29, 2015. *See Exhibit B to Appellant's Motion.*  Under TRAP 26.1(a), the deadline for Appellant to file his NOA was July 28, 2015.  TEX. R. APP. P. 26.1(a).  Appellant's NOA filed on September 10, 2015 was thus untimely. *Roth v. Raatz*, No. 03-02-00735-CV, 2003 Tex. App. LEXIS 868 *2-7 (Tex. App.—Austin Jan. 30, 2003, no pet.) (expressly rejecting Appellant's argument).

***Appellant's NOA was filed more than 30 days after Appellant's MNT was overruled by operation of law.***

3.      Texas Rule of Civil Procedure 329b(e) provides that a trial court retains jurisdiction to grant a motion for new trial up to thirty days after a timely filed motion for new trial is denied, either by operation of law or express order, whichever occurs first.  TEX. R. CIV. P. 329b(e); *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 230 (Tex. 2008).  Appellant in his Response seems to think that, because his MNT was allegedly not overruled by operation of law until August 12, 2015 (75 days after Appellant filed his MNT on May 29, 2015), then his NOA filed on September 10, 2015 was timely.  *See Response, p.1.*

4.      As indicated above, when the Trial Court (which never granted a new trial or otherwise changed the judgment in the underlying proceedings) lost plenary jurisdiction is irrelevant as to when Appellant's NOA was due.  *See* TEX. R. APP. P. 26.1(a); *Roth*, 2003 Tex. App. LEXIS 868 *2-7 (holding that when motion for new trial is overruled has no bearing on when notice of appeal is due).  But even if Appellant were right that he could file his MNT within thirty days after his MNT was overruled by operation of law, he still did not do that.

5.      Texas Rule of Civil Procedure 329b(c) clearly provides that motions for new trial are overruled by operation of law thirty days *after judgment is signed.* TEX. R. CIV. P. 329b(c); *In re Barber*, 982 S.W.2d 364, 367 (Tex. 1998).

Appellant in his Response incorrectly states that motions for new trial are overruled by operation of law 75 after they are filed. *Id.* Here, the Trial Court signed its Judgment on April 29, 2015. *See Exhibit A to Appellant's Motion.* Appellant's MNT was thus overruled by operation of law 75 days later—on July 13, 2015. Under Appellant's erroneous belief that he could file MNT within 30 days after occurred, his MNT would have been due on August 12, 2015. Accordingly, Appellant's MNT filed on September 10, 2015[1], was untimely even under his own theory.

WHEREFORE, PREMISES CONSIDERED, Appellee respectfully requests the Court dismiss Appellant's appeal for want of jurisdiction and provide Appellee with all other and further relief to which it may be entitled.

---

[1] Appellee in its Motion to Dismiss incorrectly stated that Appellant filed his NOA on September 14, 2015, when it was actually filed on September 10, 2015. As indicated above, this error makes no difference as to the untimeliness of Appellant's NOA.

Respectfully submitted,

By: /s/ Mark D. Cronenwett

**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2670
Facsimile: (214) 635-2686 (Fax)

**ATTORNEYS FOR APPELLEE BANK OF AMERICA, NA, AS SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 2nd day of November, 2015, a true and correct copy of the foregoing document was delivered to the following counsel of record in the manner described:

**Via Regular U.S. Mail**
Robert S. Koelsch
P.O. Box 4790
Lago Vista, TX 78645-0008

/s/ Mark D. Cronenwett
**MARK D. CRONENWETT**