Robinetta WILKINS, Petitioner,

v.

The METHODIST HEALTH CARE
SYSTEM, Respondent.

No. 03–0750.

Supreme Court of Texas.

Argued Sept. 8, 2004.

Delivered March 11, 2005.

Rehearing Denied May 13, 2005.

Roy Alan Camberg, The Camberg Law
Firm, Timothy F. Lee, Ware, Jackson, Lee
& Chambers, L.L.P., Jamie Penton Coo-
per, Ware, Snow, Fogel & Jackson, L.L.P.,

Houston, Marshall J. Simien, Jr., The Simien Law Firm, Lake Charles, LA, for Petitioner.

Oscar Luis De la Rosa, The De la Rosa Law Firm, Stephen Douglas Pritchett, Vinson & Elkins, L.L.P., Houston, for Respondent.

Justice O'NEILL delivered the opinion of the Court.

In this case, the trial court granted the defendant's motion for summary judgment, but then granted the plaintiff's motion for new trial, reconsidered the summary-judgment motion and the additional evidence and argument plaintiff offered in response, and again granted summary judgment in the defendant's favor. We must decide whether the plaintiff's motion for new trial, which was granted before the second judgment was signed, operated to extend the appellate timetable. We hold that, because a motion for new trial that is granted cannot assail a later-signed judgment, it did not. Accordingly, we reverse the court of appeals' judgment and dismiss the appeal for lack of jurisdiction.

**I**

Robinetta Wilkins underwent gall bladder surgery at Methodist Hospital. During the procedure, a surgical instrument became dislodged in her abdomen, and a second incision was required to remove the instrument. Wilkins sued Methodist Health Care System d/b/a Methodist Hospital System (the "System") shortly before the statute of limitations expired and served the System's registered agent with citation. She also brought products liability claims against Aesculap, Inc., the manufacturer of the surgical instrument, but Aesculap was dismissed because limitations had already run on those claims. About a year after Wilkins filed suit, the System filed an amended answer asserting that Wilkins's claims were barred by limitations because she had sued the wrong entity and that her health care liability claims "should have been directed at The Methodist Hospital, which is an entirely separate corporation." Wilkins amended her petition to add The Methodist Hospital (the "Hospital") as a party and served the petition on all attorneys of record, but she never served the Hospital with citation. The System and the Hospital had the same registered agent.

The System moved for summary judgment, arguing that it was not a health care provider, that it had no involvement in Wilkins's health care and owed her no duty of care, and that Wilkins "incorrectly sued The Methodist Health Care System, instead of The Methodist Hospital," which was a separate corporation. The System also contended that Wilkins failed to add the Hospital as a defendant until after limitations had expired, and that the Hospital had never been served with citation and had not appeared in the case.

Wilkins responded, contending she had sued the correct defendant and simply misnamed it. She also argued that, even if she had initially sued the wrong entity, limitations did not bar her suit against the Hospital under this Court's decision in *Continental Southern Lines, Inc. v. Hilland,* 528 S.W.2d 828 (Tex.1975), because the Hospital was cognizant of the facts of the suit; it had not been misled or placed at a disadvantage in obtaining relevant evidence to defend the suit; it had a business relationship with the named defendant; and there was a fact question as to whether the Hospital and the System made a conscious effort to confuse the public, and Wilkins personally, as to their respective identities.

The trial court granted the motion for summary judgment, entering a take-nothing judgment in favor of the System and

dismissing without prejudice Wilkins's claims against the Hospital because it "was never served." Wilkins timely filed a "Motion for New Trial and for Reconsideration of Defendant's Motion for Summary Judgment," asserting that the System's motion for summary judgment was untimely filed and that the trial court "erred in granting [the] motion on the basis of improper service because that finding is against the great weight and preponderance of the evidence and is manifestly unjust." She attached new evidence that had not been submitted with her opposition to the System's summary-judgment motion.

At the hearing on Wilkins's motion for new trial, the trial court orally granted the motion, and the court subsequently issued a written order to that effect. In the same order, the trial court stated that it would "again consider [the System's] motion for summary judgment" and that it had considered the System's original summary-judgment pleadings as well as Wilkins's motion for new trial and the related pleadings. After making several evidentiary rulings in the order with respect to the newly filed evidence, the trial court again granted the System's motion for summary judgment and dismissed without prejudice Wilkins's claims against the Hospital because it was never served. Wilkins filed a notice of appeal ninety days later.

The court of appeals affirmed the trial court's judgment. 108 S.W.3d 565, 567. The court of appeals first rejected the

System's argument that it had no jurisdiction over the appeal, holding that Wilkins's motion for new trial "assailed" the second judgment and therefore extended the appellate deadlines. *Id.* at 568. The court of appeals then held that, even assuming limitations should have been tolled until the proper defendant was joined, the trial court correctly dismissed Wilkins's claims against the Hospital because it was never served with citation and had not appeared in the case. *Id.* at 571–72 (citing Tex.R. Civ. P. 124).

## II

Before we address the court of appeals' holding that Wilkins's failure to serve the Hospital with citation warranted the dismissal of her claims, we must determine whether the court of appeals properly exercised jurisdiction over the appeal. A notice of appeal generally must be filed within thirty days after a judgment is signed; however, if a party timely files a motion for new trial, the notice of appeal is not due until ninety days after the judgment is signed. Tex.R.App. P. 26.1. The issue here is whether Wilkins's motion for new trial, which was filed in response to the trial court's first judgment and granted before the second judgment was rendered, should be treated as prematurely filed with respect to the subsequent judgment and extend the deadline for filing a notice of appeal.[1] The court of appeals held that it should and that the notice of

1. While her appeal was pending in the court of appeals, Wilkins filed a motion requesting that the court of appeals order the trial court to conduct a hearing on whether the clerk's record should be supplemented to include a second motion for new trial Wilkins alleged she filed after the second judgment was entered. The trial court held a hearing at the court of appeals' direction and denied Wilkins's request to supplement the record, finding that there was no motion for new trial properly filed with regard to the second judg-

ment. The court of appeals held that its disposition rendered the supplementation issue a moot point. 108 S.W.3d at 568 n. 7. Because Wilkins never disputed the trial court's order or findings in the court of appeals on that issue, she waived any complaints about the order. Thus, in determining whether Wilkins's notice of appeal was timely, we consider only the effect of the motion for new trial that she filed in response to the trial court's first order granting summary judgment.

appeal was timely filed. 108 S.W.3d at 568. We disagree.

Our appellate procedural rules allow an appellate court to "treat actions taken before an appealable order is signed as relating to an appeal of that order and [to] give them effect as if they had been taken after the order was signed." Tex.R.App. P. 27.2. Similarly, the Rules of Civil Procedure provide that a prematurely filed motion for new trial "shall be deemed to have been filed on the date of but subsequent to the time of signing of the judgment the motion assails." Tex.R. Civ. P. 306c. We therefore must determine whether a motion for new trial that is granted can assail a subsequent judgment such that the motion extends the deadline for filing a notice of appeal from that judgment.

■ Addressing the issue of error preservation, we held in *Fredonia State Bank v. General American Life Insurance Co.* that a motion for new trial that complains of error brought forward in a subsequent judgment preserves those complaints on appeal to the extent they are applicable to that judgment. 881 S.W.2d 279, 281 (Tex. 1994). We now hold that such a motion also generally operates to extend the appellate timetable on the judgment that it assails; however, we also hold that a motion for new trial that has been granted cannot assail a subsequent judgment.

We recognized in *Fredonia* that the courts of appeals are split on whether a motion for new trial that is no longer "live" in the sense that it has been ruled upon can assail a subsequent judgment for pur-

poses of extending the appellate deadlines. *Compare, e.g., A.G. Solar & Co. v. Nordyke,* 744 S.W.2d 646, 647 (Tex.App.-Dallas 1988, no writ) (citing *Miller v. Hernandez,* 708 S.W.2d 25, 26 (Tex.App.-Dallas 1986, no writ)) (holding that a motion for new trial did not assail a second judgment rendered after the motion had been overruled by operation of law), *with Harris County Hosp. Dist. v. Estrada,* 831 S.W.2d 876, 880 (Tex.App.-Houston [1st Dist.] 1992, no writ) (declining to limit application of the rules regarding premature filings to "live" pleadings). In *Fredonia,* we expressly declined to resolve the conflict between *Solar* and *Estrada. Fredonia,* 881 S.W.2d at 282 n. 2. We concluded, however, that "the better reasoned application of Rule 58 [Rule 27's predecessor], more congruent with the Rule's purpose, is set forth in *Estrada.*" [2] *Id.* at 282.

The *Estrada* court noted that the premature filing rules were enacted to prevent cases from being dismissed merely because the motion for new trial was filed too soon and to avoid "technical" dismissals of appeals if possible. 831 S.W.2d at 880; *see also Fredonia,* 881 S.W.2d at 282 ("The Rules of Appellate Procedure, and particularly Rule 58, should not be read to defeat the right to appeal except when such a construction is absolutely necessary."). These purposes would be defeated, the court continued, by imposing a "live pleading" requirement when the complaints raised in a motion have not been cured by and remain applicable to a subsequent judgment. *Estrada,* 831 S.W.2d at 880.

**2.** We relied on Rule 58(c) in deciding *Fredonia,* which stated: "In civil cases, if the trial court has signed an order modifying, correcting, or reforming the order appealed from, or has vacated that order and signed another, any proceedings relating to an appeal of the first order may be considered applicable to the second...." Tex.R.App. P. 58(c) (1986, repealed 1997). That provision is now Rule 27.3, and the language has been amended to apply to actions relating to the appeal of an order that has been modified or vacated *after* the order or judgment has been appealed. Tex.R.App. P. 27.3. In any event, Rule 27.3 does not apply to this case.

■ We continue to agree with this reasoning, but neither *Estrada* nor *Fredonia* specifically discussed the effect of a motion for new trial that has been granted; rather, those cases involved motions for new trial that were denied either expressly, *Estrada*, 831 S.W.2d at 878, or by operation of law. *Fredonia*, 881 S.W.2d at 281. Significantly, the *Estrada* court recognized that a "live pleading" requirement "may be appropriate in a case where the premature motion for new trial has become moot because all the relief it sought was subsequently granted." 831 S.W.2d at 880. The court of appeals in this case held that, even if the *Estrada* exception applied, the trial court did not grant Wilkins all the relief she sought because her request to dismiss the System's summary-judgment motion and continue the suit against the Hospital was denied. 108 S.W.3d at 568. We agree with the live-pleading exception the *Estrada* court recognized, but disagree with the court of appeals' application of that exception here. Specifically, we disagree with the court of appeals' conclusion that Wilkins did not obtain all the relief she sought in her new-trial motion because the trial court, by its second judgment in the System's favor, refused to dismiss the summary-judgment motion and continue the case. When a motion for new trial is granted, it becomes moot as to any effect it may have on a subsequent judgment. Moreover, the granting of Wilkins's motion for new trial did not entitle her to a dismissal of the System's motion for summary judgment.

■ Except in very limited circumstances, an order granting a motion for new trial rendered within the period of the trial court's plenary power is not reviewable on appeal. *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984); *see also Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985)

(noting that we have recognized two instances when a Texas appellate court has overturned the trial court's grant of a new trial: when the trial court's order was wholly void, and where the trial court specified in the written order that the sole ground for granting the motion was that the jury's answers to special issues were irreconcilably conflicting). When a motion for new trial is granted, "the case shall be reinstated upon the docket of the trial court and stand for trial the same as though no trial had been had." *Wichita Falls Traction Co. v. Cook*, 122 Tex. 446, 60 S.W.2d 764, 768 (1933); *see also Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex.App.-Houston [14th Dist.] 2003, pet. denied) ("When a motion for new trial is granted, the original judgment is set aside and the parties may proceed without prejudice from previous proceedings."). Thus, when the trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over.

If a trial court were to grant a new trial to a losing party after a full trial on the merits, and the party then lost again after the second trial, one could not realistically argue that the motion for new trial filed after the first trial would assail the judgment rendered after the second so as to extend the appellate deadlines. We see no reason to conclude otherwise in the summary-judgment context. In this case, the trial court wiped the slate clean when it granted Wilkins's motion for new trial; it is as though the court's first order granting summary judgment never existed, which is all the relief to which Wilkins was entitled. Just as the losing party after a full trial on the merits would not be entitled to a different outcome in the second trial just because a new trial had been granted, Wilkins was not entitled to a different outcome with regard to the System's summary-judgment motion after her motion for new trial was granted. She

was entitled to a new ruling on the summary-judgment motion, which is exactly what the trial court provided. Once Wilkins's motion for new trial was granted, it became moot because the relief sought had been granted.

### III

We hold that a motion for new trial that has been granted cannot "assail" a subsequent judgment for purposes of determining the deadline for filing a notice of appeal. Wilkins's motion for new trial was not prematurely filed with respect to the trial court's second judgment, and her notice of appeal was due thirty days after that judgment was signed. Because Wilkins's notice of appeal was untimely, the court of appeals lacked jurisdiction over the appeal, and we do not reach the issue of whether Wilkins's claims against the Hospital were correctly dismissed based on lack of service of citation. Accordingly, we reverse the court of appeals' judgment and dismiss the appeal for want of jurisdiction.

Justice BRISTER did not participate in the decision.