COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-300-CV

 

 

DON R. STEWART                                                               APPELLANT

 

                                                   V.

 

MAHMMADU KHAN                                                                APPELLEE

 

                                              ------------

 

            FROM
THE 67TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Don R. Stewart is
attempting to appeal the trial court=s decision overruling his motion for judgment notwithstanding the
verdict.  The trial court signed a
judgment in favor of appellee Mahmmadu Khan on May 10, 2006.  Stewart filed his motion for judgment
notwithstanding the verdict on May 11, 2006; the trial court did not rule on
this motion but instead granted a new trial on July 21, 2006.  

We notified Stewart by letter
on September 6, 2006, of our concern that we lacked jurisdiction over the
appeal because the trial court had granted a new trial and because Stewart=s notice of appeal, filed on August 24, 2006, appeared to be
untimely.  We informed Stewart that
unless he or any party desiring to continue the appeal filed a response showing
grounds for continuing the appeal, the appeal would be dismissed for want of
jurisdiction.  We have received no
response.








Appellate courts can review
only final and appealable judgments or interlocutory orders specifically made
appealable by statute.  Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 195 & n.12 (Tex. 2001).  A judgment that finally disposes of all
parties and claims, based on the record in the case, is final.  Id. at 200.  However, an order granting a new trial
reinstates the case on the trial court=s docket Athe same as
though no trial had been had.@  Wilkins v. Methodist Health
Care Sys., 160 S.W.3d 559, 563 (Tex. 2005); see also Markowitz v.
Markowitz, 118 S.W.3d 82, 88 (Tex. App.CHouston [14th Dist.] 2003, pet. denied) (AWhen a motion for new trial is granted, the original judgment is set
aside and the parties may proceed without prejudice from previous proceedings.@), cert. denied, 543 U.S. 820 (2004).  A[W]hen the trial court grants a motion for new trial, the court
essentially wipes the slate clean and starts over.@  Wilkins, 160 S.W.3d at
563.  Accordingly, there is no final
order or judgment in this case. 
Therefore, we dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a), 43.2(f).

PER CURIAM

 

PANEL D:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED:
October 5, 2006











[1]See Tex.
R. App. P. 47.4.