COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-300-CV

DON R. STEWART APPELLANT

V.

MAHMMADU KHAN APPELLEE

------------

FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Don R. Stewart is attempting to appeal the trial court’s decision overruling his motion for judgment notwithstanding the verdict.  The trial court signed a judgment in favor of appellee Mahmmadu Khan on May 10, 2006.  Stewart filed his motion for judgment notwithstanding the verdict on May 11, 2006; the trial court did not rule on this motion but instead granted a new trial on July 21, 2006.  

We notified Stewart by letter on September 6, 2006, of our concern that we lacked jurisdiction over the appeal because the trial court had granted a new trial and because Stewart’s notice of appeal, filed on August 24, 2006, appeared to be untimely.  We informed Stewart that unless he or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal, the appeal would be dismissed for want of jurisdiction.  We have received no response.

Appellate courts can review only final and appealable judgments or interlocutory orders specifically made appealable by statute.  
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 195 & n.12 (Tex. 2001).  A judgment that finally disposes of all parties and claims, based on the record in the case, is final.  
Id. 
at 200.  However, an order granting a new trial reinstates the case on the trial court’s docket “the same as though no trial had been had.”  
Wilkins v. Methodist Health Care Sys.
, 160 S.W.3d 559, 563 (Tex. 2005); 
see also Markowitz v. Markowitz
, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (“When a motion for new trial is granted, the original judgment is set aside and the parties may proceed without prejudice from previous proceedings.”), 
cert. denied
, 543 U.S. 820 (2004). 
 “[W]hen the trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over.”  
Wilkins
, 160 S.W.3d at 563.  Accordingly, there is no final order or judgment in this case.  Therefore, we dismiss the appeal for want of jurisdiction.  
See
 
Tex. R. App. P.
 42.3(a), 43.2(f).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: October 5, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.