# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

===

## NO. 03-06-00059-CV

===

**Oscar Snowden's, Inc., Appellant**

**v.**

**Cousins Properties Texas LP; Cousins Stone, Inc.; Cousins Texas GP, Inc.; Empire Roofing of Austin, Inc. and Tom Stacy and Associates, Appellees**

===

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. GN301423, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING**

===

## M E M O R A N D U M   O P I N I O N

On March 17, 2006, this Court issued an order denying appellant Oscar Snowden's, Inc.'s first motion to extend post-judgment deadlines. Appellant has now filed a second motion to extend post-judgment deadlines claiming he did not receive notice of or have actual knowledge of the final judgment entered in this cause on December 20, 2005. In this motion, appellant asserts that neither appellant nor counsel received notice of the trial court's final judgment until January 23, 2006, due to a clerical error or inadvertent mistake. At a hearing on February 14, 2006, the trial court found that appellant received actual notice of the agreed final judgment on December 20, 2005, and denied appellant's motion to extend post-judgment deadlines.

Also before us is appellee Empire Roofing of Austin, Inc.'s amended motion to dismiss for lack of jurisdiction. In this motion, appellee contends that appellant's notice of appeal was untimely because it was filed on January 24, 2006, more than 30 days after the trial court signed

the final judgment on December 20, 2005. *See* Tex. R. App. P. 26.1. Accordingly, appellee argues that this Court is without jurisdiction to consider this appeal. We agree.

Having previously denied appellant's motion to extend post-judgment deadlines, we conclude that appellant's second motion requesting us to extend post-judgment deadlines is without merit, and we overrule that motion. Based on the record before us, we also conclude that appellant's notice of appeal—filed more than 30 days after the trial court signed the final judgment in this cause—is untimely. *See id.* As a result, we lack jurisdiction to consider appellant's appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005). Accordingly, we grant appellee's amended motion and dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a). All remaining motions are hereby dismissed as moot.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Dismissed for Want of Jurisdiction

Filed: December 19, 2006

2