TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00059-CV






Oscar Snowden's, Inc., Appellant


v.


Cousins Properties Texas LP; Cousins Stone, Inc.; Cousins Texas GP, Inc.; Empire
Roofing of Austin, Inc. and Tom Stacy and Associates, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO. GN301423, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 On March 17, 2006, this Court issued an order denying appellant Oscar Snowden's,
Inc.'s first motion to extend post-judgment deadlines. Appellant has now filed a second motion to
extend post-judgment deadlines claiming he did not receive notice of or have actual knowledge of
the final judgment entered in this cause on December 20, 2005. In this motion, appellant asserts that
neither appellant nor counsel received notice of the trial court's final judgment until January 23,
2006, due to a clerical error or inadvertent mistake. At a hearing on February 14, 2006, the trial
court found that appellant received actual notice of the agreed final judgment on December 20, 2005,
and denied appellant's motion to extend post-judgment deadlines.

 Also before us is appellee Empire Roofing of Austin, Inc.'s amended motion to
dismiss for lack of jurisdiction. In this motion, appellee contends that appellant's notice of appeal
was untimely because it was filed on January 24, 2006, more than 30 days after the trial court signed
the final judgment on December 20, 2005. See Tex. R. App. P. 26.1. Accordingly, appellee argues
that this Court is without jurisdiction to consider this appeal. We agree.

 Having previously denied appellant's motion to extend post-judgment deadlines, we
conclude that appellant's second motion requesting us to extend post-judgment deadlines is without
merit, and we overrule that motion. Based on the record before us, we also conclude that appellant's
notice of appeal--filed more than 30 days after the trial court signed the final judgment in this
cause--is untimely. See id. As a result, we lack jurisdiction to consider appellant's appeal. See
Wilkins v. Methodist Health Care Sys., 160 S.W.3d 559, 564 (Tex. 2005). Accordingly, we grant
appellee's amended motion and dismiss this appeal for lack of jurisdiction. See Tex. R. App. P.
42.3(a). All remaining motions are hereby dismissed as moot.




 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Dismissed for Want of Jurisdiction

Filed: December 19, 2006