# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00372-CV

**Elizabeth A. White, Appellant**

**v.**

**Clean Slate Service, Inc. d/b/a Servpro of North Austin, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-GN-13-002841, HONORABLE GUS J. STRAUSS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Elizabeth A. White sued Clean Slate Service, Inc. d/b/a Servpro of North Austin alleging causes of action for breach of contract and intentional infliction of emotional distress arising out of water remediation services Clean Slate Service performed after a broken water line caused flooding throughout White's house. White obtained a default judgment against Clean Slate Service and was awarded damages in excess of three million dollars. Clean Slate Service timely filed a motion for new trial asserting that it was not properly served with citation and that it had a meritorious defense to White's claims. The trial court granted the motion for new trial and set aside the default judgment. White then filed a notice of appeal seeking appellate review of the trial court's order granting the motion for new trial. We will dismiss the appeal for lack of jurisdiction.

An order granting a motion for new trial rendered within the trial court's plenary power is not reviewable on appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563

(Tex. 2005); *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984). When a motion for new trial is granted, "the court essentially wipes the slate clean and starts over." *Wilkins*, 160 S.W.3d at 563. Clean Slate Service's motion for new trial was timely filed and the court granted the motion during its period of plenary power over the judgment. *See* Tex. R. App. P. 329b. Because the complained-of order is not subject to review on appeal, we dismiss this appeal for lack of jurisdiction. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (noting that generally appeals may be taken only from final judgments).

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Dismissed for Want of Jurisdiction

Filed: February 20, 2015