**Opinion filed April 2, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00029-CV

_____

## KEITH CAROLL CRAIG, Appellant

## V.

## LORI LOUISE CRAIG, Appellee

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 13-10540N**

## M E M O R A N D U M   O P I N I O N

Appellant, Keith Caroll Craig, filed a petition for divorce from Appellee, Lori Louise Craig, on November 26, 2013, in Taylor County, Texas. In his petition, Appellant alleged that the parties were married on or about March 15, 1995, but had ceased to live together as husband and wife on or about August 21, 1995. Appellee filed a motion to dismiss in which she asserted that the parties' marriage had already been dissolved; she attached documents that show that a

divorce decree had been entered by an Oregon court on April 24, 1996. The associate judge considered Appellee's motion to dismiss and entered an order of dismissal on June 4, 2014. Appellant attempts to appeal from the associate judge's order. When this appeal was docketed, the clerk of this court wrote the parties and questioned the timeliness of the notice of appeal. Because the notice of appeal was not timely, we dismiss the appeal for want of jurisdiction pursuant to TEX. R. APP. P. 42.3(a).

In response to this court's February 26 letter regarding the timeliness of his notice of appeal, Appellant has filed a motion showing grounds to continue this appeal. Appellant asserts in his motion that he timely filed a request for a de novo hearing on June 12, 2014, when he filed in the district court a "Notice of Appeal for a de novo hearing of the associate judge's findings" and requested that the matter be set for hearing within thirty days. Appellant relies upon Section 201.015 of the Family Code to support his contention. *See* TEX. FAM. CODE ANN. § 201.015 (West 2014). However, Appellant's request for a de novo hearing was not timely filed under that section.

Section 201.015(a) provides that a request for a de novo hearing must be filed "not later than the *third* working day after the date the party receives notice of the substance of the associate judge's report." *Id.* § 201.015(a) (emphasis added).[1] Notice of the substance of an associate judge's report may be given to the parties "in open court, by an oral statement." *Id.* § 201.011(c)(1). In this case, the

---

[1]We note that Appellant relies upon a former version of Section 201.015(a), which is identical to the current version except that it provided that the written request for a trial de novo must be filed not later than the "seventh" day after the party receives notice of the substance of the associate judge's report. *See* Act of May 24, 2013, 83rd Leg., R.S., ch. 916, §§ 5, 11, 12, 2013 Tex. Gen. Laws ____ (effective Sept. 1, 2013) (replacing the word "seventh" with "third"). Because Appellant's petition was filed after the amendment's September 1, 2013 effective date, the case was necessarily referred to an associate judge after the amendment's effective date. Therefore, the current "third working day" version applies in this case. *See id.* § 11.

associate judge's report reflects that a copy of the report was hand delivered to the parties in court on June 4, 2014. Appellant's June 12 request for a trial de novo was filed more than three working days after June 4 and, thus, was untimely. *See In re A.P.*, No. 11-14-00278-CV, 2014 WL 6755631 (Tex. App.—Eastland Nov. 26, 2014, no pet.) (mem. op.); *In re B.M.A.J.*, No. 12-12-00225-CV, 2012 WL 6674428, at *2–3 (Tex. App.—Tyler Dec. 20, 2012, pet. denied) (mem. op.); *Marshall v. Wilkes*, No. 14-02-00163-CV, 2003 WL 22232626 (Tex. App.—Houston [14th Dist.] Sept. 30, 2003, no pet.) (mem. op.).

Because Appellant's request for a trial de novo was not timely, he was not entitled to a de novo hearing under Section 201.015. Therefore, assuming the order of dismissal from which Appellant attempts to appeal is a final, appealable order, Appellant's notice of appeal was due to be filed within thirty days after that order was signed, which would have been Monday, July 7, 2014. *See* TEX. R. APP. P. 4.1(a), 26.1. Appellant did not file his notice of appeal until February 25, 2015, more than seven months after the deadline for filing a notice of appeal or a motion for an extension of time to file a notice of appeal. *See* TEX. R. APP. P. 26.3. Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

April 2, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.