COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| BRUCE SHREWSBURY, | § | |
|---|---|---|
| | | No. 08-13-00364-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law Number Six |
| BAN CHU POR a/k/a FRANK POR, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#2012-DCV04318) |
| | § | |

## MEMORANDUM OPINION

Bruce Shrewsbury sued Ban Chu Por a/k/a Frank Por and others[1] for breach of contract. Shrewsbury moved for summary judgment as to Por on the ground that Por had not timely filed an answer and was in default. On September 19, 2013, the trial court entered an order granting Shrewsbury's motion for summary judgment "for $95,514.26 plus interest" because "Por failed to timely file a response." On October 18, 2013, Por timely filed a "motion to reconsider summary judgment and for new trial," contending among other things that Shrewsbury failed to meet his burden of proof on summary judgment to establish his claims as a matter of law. On November 22, 2013, the trial court entered its order granting new trial "on the basis that Plaintiff's motion for

---

[1] One of the other defendants answered and was later dismissed without prejudice from the lawsuit. The other named defendant was never served and never made an appearance in the lawsuit.

summary judgment failed to carry his burden to conclusively prove liability and damages herein." The trial court's order specifically vacated and set aside the prior judgment and granted new trial. Shrewsbury then filed a notice of appeal seeking appellate review of the trial court's order granting the motion for new trial. We will dismiss the appeal for lack of jurisdiction.

An order granting a motion for new trial rendered within the trial court's plenary power is not reviewable on appeal. *Wilkins v. Methodist Health Care Sys.,* 160 S.W.3d 559, 563 (Tex. 2005); *Cummins v. Paisan Constr. Co.*, 682 S.W.2d 235, 236 (Tex. 1984). When a motion for new trial is granted, "the court essentially wipes the slate clean and starts over." *Wilkins*, 160 S.W.3d at 563. Por's motion for new trial was timely filed, and the court granted the motion during its period of plenary power over the judgment. *See* TEX.R.CIV.P. 329b. Because the order granting new trial is not subject to review on appeal, we dismiss this appeal for lack of jurisdiction. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (noting that generally appeals may be taken only from final judgments).

STEVEN L. HUGHES, Justice

June 24, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.