

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00231-CV

**AMOS JACKSON, SR.,**

**Appellant**

**v.**

**CAROLYN LUNDT,**

**Appellee**

**From the 52nd District Court**
**Coryell County, Texas**
**Trial Court No. DC-16-44932**

## MEMORANDUM OPINION

On July 10, 2019, appellant, Amos Jackson Sr., filed his notice of appeal, challenging a judgment signed by the trial court on May 8, 2019. By letter dated July 17, 2019, the Clerk of this Court notified appellant that this appeal is subject to dismissal because appellant's notice of appeal is untimely. *See* TEX. R. APP. P. 26.1(a) (providing that a notice of appeal must be filed within thirty days after the judgment or order is signed). Accordingly, the Clerk warned appellant that the Court would dismiss this

appeal unless, within twenty-one days from the date of the letter, appellant filed a response showing grounds for continuing this appeal. Appellant filed a response, arguing that he did not receive notice of the trial court's judgment until June 28, 2019. Appellant did not provide any documentation to support his contention.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Texas Rule of Appellate Procedure 26.3 provides that we may extend the time to file the notice of appeal "if, within 15 days after the deadline for filing the notice of appeal," the party files a notice of appeal in the trial court and a motion for extension of time with this Court. TEX. R. APP. P. 26.3. "Once the period for granting a motion for extension of time under Rule 41(a)(2) [now Rule 26.3 of the Texas Rules of Appellate Procedure] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt*, 959 S.W.2d at 617. The last day appellant could have filed a motion for extension was Monday, June 24, 2019. As noted above, appellant filed his notice of appeal on July 10, 2019—several weeks after the June 24, 2019 deadline passed.[1] Because appellant failed to file a notice of appeal and motion for extension within fifteen days of the last day for timely filing a notice of appeal, appellant has failed

---

[1] We note that a motion for extension may be implied if a notice of appeal is filed within fifteen days of the last day allowed for filing. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). However, even if the filing of the notice of appeal on July 10, 2019 implied a motion for extension of time to file a notice of appeal, the implied motion still would not be within fifteen days of the last day allowed for filing a notice of appeal. The appellant made no effort to bring himself within or comply with Texas Rules of Civil Procedure 306a(3) and (4) or Texas Rule of Appellate Procedure 30. *See* TEX. R. CIV. P. 306a(3)-(4); *see also* TEX. R. APP. P. 30.

to perfect an appeal. *See, e.g., Servinsky v. Carolines Garden, LLC*, No. 10-17-00051-CV, 2017 Tex. App. LEXIS 2240, at \*\*2-3 (Tex. App.—Waco Mar. 15, 2017, no pet.) (mem. op.) (dismissing an appeal where appellants failed to file a notice of appeal and motion for extension within fifteen days of the last day for timely filing a notice of appeal); *Durham v. Jackson*, No. 10-12-00309-CV, 2012 Tex. App. LEXIS 9117, at \*\*2-4 (Tex. App.—Waco Nov 1, 2012, no pet.) (mem. op.) (dismissing an inmate's appeal when the inmate failed to file his notice of appeal within fifteen days of the last day for timely filing a notice of appeal and the inmate argued that he did not receive notice of the judgments until almost a month after the last judgment was rendered). Accordingly, we dismiss this appeal for want of jurisdiction.[2] *See* TEX. R. APP. P. 42.3(a); *see also Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) (holding that, absent a timely notice of appeal, this Court is without jurisdiction to consider an appeal); *Verburgt*, 959 S.W.2d at 616.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Appeal dismissed
Opinion delivered and filed August 7, 2019
[CV06]

---

[2] In light of our disposition, all pending motions are dismissed as moot.

