**Opinion issued October 15, 2019.**



**In The**

**Court of Appeals**

**For The**

**First District of Texas**

_____

**NO. 01-19-00689-CV**

_____

**BRAEWOOD TOWNHOMES ASSOCIATION, Appellant**

**V.**

**VIVIAN RUSHTON AND ALBERTO J. PARDO,  Appellees**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-87271**

---

**MEMORANDUM OPINION**

Appellant, Braewood Townhomes Association, timely filed a notice of appeal of the trial court judgment signed on June 14, 2019. On September 27, 2019, the trial court signed an order granting a motion for new trial. We dismiss the appeal.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When the trial court grants a motion for new trial, the case is reinstated on the trial court's docket and will proceed to trial as though no trial had been previously conducted. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). The granting of a new trial renders the appeal moot and this Court lacks jurisdiction over the appeal. *See In re W.B.B.*, No. 05-16-00147-CV, 2016 WL 1320804, at *1 (Tex. App.—Dallas Apr. 5, 2016, no pet.) (mem. op.); *Galvan v. Harris Cnty.*, No. 01-09-00884-CV, 2011 WL 345677, at *1 (Tex. App.—Houston [1st Dist.] Jan. 31, 2011, no pet.) (mem. op.).

Because the trial court has granted a new trial, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Goodman, and Landau.