

**IN THE
TENTH COURT OF APPEALS**

**No. 10-20-00247-CV**

**IN THE INTEREST OF A.B.G., A CHILD**

**From the County Court at Law No. 1
Brazos County, Texas
Trial Court No. 20-001430-CV-CCL1**

## MEMORANDUM OPINION

On July 1, 2020, the trial court signed its order terminating the parental rights of appellants, Teresa Nicole Guajardo and Abel Benjamin Casas, based on the fact that both Guajardo and Casas had "executed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided for by chapter 161 of the Texas Family Code . . . ." Two days after the trial court signed its order of termination, both Guajardo and Casas attempted to revoke their affidavits of relinquishment and filed a joint motion to dismiss the original petition in suit affecting the parent-child relationship. Guajardo and Casas also filed briefs arguing that the trial court had plenary power to modify its July 1, 2020 termination order and that their motion to dismiss should be considered as a motion

for new trial.  In an email dated September 14, 2020, the trial court denied Guajardo and Casas's joint motion to dismiss, stating that the trial court "lost plenary power 30 days after signing the Order of Termination in this cause.  No further action will be taken."  In response to this email, Guajardo and Casas filed a joint request for findings of fact and conclusions of law.

On September 21, 2020, Guajardo and Casas filed a joint notice of appeal with the Brazos County District Clerk's Office.  In their joint notice of appeal, Guajardo and Casas indicated that they desired to appeal from the trial court's July 1, 2020 order of termination and that this appeal is accelerated.  *See* TEX. FAM. CODE ANN. § 263.405(a) (providing that an appeal from an order terminating parental rights "is governed by the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure").  Texas Rule of Appellate Procedure 26.1(b) provides that the notice of appeal in accelerated cases must be filed within twenty days after the judgment or order is signed.  *See* TEX. R. APP. P. 26.1(b).  Furthermore, the filing of a "motion for new trial, any other post-trial motion, or a request for findings of fact will not extend the time to perfect an accelerated appeal."  *Id.* at R. 28.1(b).  Therefore, because more than twenty days elapsed between July 1, 2020 and September 21, 2020, Guajardo and Casas's joint notice of appeal is untimely.  Moreover, because the notice of appeal is more than fifteen days past the date it was due, Guajardo and Casas cannot rely on the "implied" motion for extension under *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).  And finally, the

filing of the post-judgment motion to dismiss by Guajardo and Casas did nothing to extend the appellate deadline. *See* TEX. R. APP. P. 28.1(b).

By letter dated September 25, 2020, the Clerk of this Court notified Guajardo and Casas that their joint notice of appeal is untimely and that this appeal will be dismissed unless, within ten days of September 25, 2020, a response is filed showing grounds for continuing the appeal. Guajardo and Casas timely filed a response to our September 25, 2020 letter.

In their response, Guajardo and Casas argue that the trial court's July 1, 2020 termination order is void or voidable because the order failed to include mandatory language from section 263.405(b), which provides as follows:

> A final order rendered under this subchapter must contain the following prominently displayed statement in boldfaced type, in capital letters, or underlined: "A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL. AN APPEAL IN A SUIT IN WHICH TERMINATION OF THE PARENT-CHILD RELATIONSHIP IS SOUGHT IS GOVERNED BY THE PROCEDURES FOR ACCELERATED APPEALS IN CIVIL CASES UNDER THE TEXAS RULES OF APPELLATE PROCEDURE. FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN THE DISMISSAL OF THE APPEAL."

TEX. FAM. CODE ANN. § 263.405(b).

While Guajardo and Casas are correct that the trial court's July 1, 2020 termination order does not include the mandatory language from section 263.405(b), they have not adequately explained how the exclusion of this language makes their notice of appeal timely to invoke this court's jurisdiction. Without jurisdiction, we cannot determine the

impact, if any, the omission of the referenced language has on the judgment. Accordingly, because Guajardo and Casas's joint notice of appeal was not filed within the deadline for accelerated appeals, we conclude that this appeal is untimely and, therefore, dismiss this appeal for want of jurisdiction. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (holding that, absent a timely notice of appeal, this Court is without jurisdiction to consider an appeal).

JOHN E. NEILL
Justice

Before Chief Justice Gray
      Justice Davis, and
      Justice Neill
Appeal dismissed
Opinion delivered and filed October 14, 2020
[CV06]

