**Appeal Reinstated, Dismissed, and Memorandum Opinion filed December 21, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00462-CV

### QUINCY WHITE, Appellant

### V.

### BRITTANY LAKES HOMEOWNERS' ASSOCIATION, INC., Appellee

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 19-CV-2149**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a default judgment signed on April 7, 2020. Appellant Quincy White timely filed a motion for new trial after the judgment. On June 16, 2020, the trial court signed an order conditionally granting White's motion for new trial, contingent on White paying appellee Brittany Lakes Homeowners' Association, Inc. $1,400 in attorney's fees within ten days of the order. It appeared

undisputed that White did not pay those fees, but that fact is not shown in the record. Ten days after the trial court signed the order conditionally granting the motion for new trial, White filed his notice of appeal of the April 7 default judgment and of the June 16 order conditionally granting a new trial.

Because a question existed whether the judgment appealed was interlocutory, we abated the case and remanded it to the trial court for a period of thirty days so the trial court could sign an order stating whether the condition for payment of fees in the June 16, 2020 order was met, and if not met, ruling on the motion for new trial.

A supplemental clerk's record containing the trial court's clarifying order was filed with the clerk of this court on November 30, 2021. The supplemental record includes an order the trial court signed on November 30, 2021, stating that the June 16, 2020 order granting White's motion for new trial is interlocutory and that any costs or attorney's fees will be resolved in any final judgment. The order also clearly states: "new trial specifically granted." An order granting a new trial within the period of the trial court's plenary jurisdiction is generally not reviewable on appeal. *See, e.g.*, *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). Thus, this court lacks jurisdiction over this appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (explaining that appeals may generally only be taken from final judgments).

Accordingly, the appeal is reinstated and ordered dismissed for want of jurisdiction.[1]

PER CURIAM

Panel consists of Justices Jewell, Spain, and Wilson.

---

[1] This court notified the parties of its intent to dismiss the appeal for want of jurisdiction on September 20, 2021. *See* Tex. R. App. P. 42.3.