**Order filed March 17, 2022**



## In The

# Eleventh Court of Appeals

_____

## No. 11-21-00194-CV

_____

## IN THE MATTER OF THE ESTATE OF ESTHER ABELL DENTON, DECEASED

**On Appeal from the County Court**
**Midland County, Texas**
**Trial Court Cause No. P14779**

### O R D E R

Douglas A. Denton, Appellant, originally filed a notice of appeal indicating that he wishes to appeal various rulings by the trial court related to two orders: (1) Order Granting Motion for Declaratory Judgment, Closing Estate and Discharging Administrator, which was signed on May 7, 2021, and (2) Order to Pay Attorney's Fees and Expenses, which was signed on May 26, 2021. Each of these orders appeared to be appealable orders in this probate matter, but the notice of appeal was not timely filed as to either order. In an order issued on October 28, 2021, this court determined that we had no jurisdiction over an appeal of the May 7

order but that, because the notice of appeal was filed within the fifteen-day extension period with respect to the May 26 order, we would have jurisdiction over an appeal of the May 26 order if Appellant responded and provided a reasonable explanation for the untimeliness of his notice of appeal. *See* TEX. R. APP. P. 26.3; *see also Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Appellant subsequently filed another notice of appeal in this cause and a response in which he asserted that the trial court's October 14, 2021 order on remand "is substantially different from" and supersedes the May 7 final order. We disagree.

The trial court's October 14 order on remand was issued in response to an abatement order from this court. We abated the appeal and remanded the cause to the trial court on September 30, 2021, for one purpose only: for the trial court to "clarify the date on which it signed the Order Granting Motion for Declaratory Judgment, Closing Estate and Discharging Administrator." The trial court did so, finding the date to be May 7, and it issued an order of clarification titled "Order Clarifying Execution Date of Order Granting Motion for Declaratory Judgment, Closing Estate and Discharging Administrator."

In its order of clarification (the October 14 order), the trial court also included the following language: "It is FURTHER ORDERED that all other terms of the Order Granting Motion for Declaratory Judgment, Closing Estate and Discharging Administrator, filed on May 10, 2021, remain in full force and effect." It is this language that Appellant has seized upon in his response to this court and in his most recent notice of appeal. However, this language did not alter the trial court's May 7 order, but instead merely indicated that the May 7 order was not altered and remained in effect. Indeed, even if the trial court had included some language in its October 14 order in an attempt to alter its May 7 order, that language would have no effect because the trial court would have had no authority to do so; the trial court no longer

had plenary power to alter the May 7 order, and the trial court's authority was limited by this court's order abating the appeal and remanding the cause for a single purpose. *See* TEX. R. CIV. P. 329b(f); *Conroy v. Nacogdoches Indep. Sch. Dist.*, No. 09-05-362 CV, 2007 WL 1627649, at *2–3 (Tex. App.—Beaumont June 7, 2007, pet. denied) (mem. op.) (where trial court exceeded the scope of remand during abatement of appeal). We hold that the trial court's October 14 order did not create jurisdiction anew for Appellant to appeal the trial court's May 7 Order Granting Motion for Declaratory Judgment, Closing Estate and Discharging Administrator.

Accordingly, the only trial court order upon which this appeal will proceed is the Order to Pay Attorney's Fees and Expenses, which the trial court signed on May 26, 2021. The clerk's record and the reporter's record are now due to be filed in this court on or before April 18, 2022.

It is so ordered.

PER CURIAM

March 17, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.