

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01016-CV

Jill Angel **REED**,
Appellant

v.

Dennis Lee **VLASEK**, William Ed Vlasek, Jr., and Shaleah Hill,
Appellees

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. 23221B
Honorable Rex Emerson, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
             Lori Massey Brissette, Justice
             Velia J. Meza, Justice

Delivered and Filed: February 12, 2025

DISMISSED FOR LACK OF JURISDICTION

The trial court signed a final, appealable judgment on July 12, 2023. Because appellant timely filed a post-judgment motion attacking that judgment, her notice of appeal was due 90 days later, on October 10, 2023. *See* TEX. R. APP. P. 26.1; TEX. R. CIV. P. 329b. A motion for extension of time to file the notice of appeal was due by October 25, 2023. *See* TEX. R. APP. P. 26.3.

Appellant filed her notice of appeal on November 16, 2023. "[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)

(construing the predecessor to Rule 26). On December 11, 2023, appellees filed a motion to dismiss this appeal for want of jurisdiction. Appellant responded.

On March 26, 2024, we ordered the parties to address the finality of the July 12, 2023 judgment in briefing and carried the motion with the appeal. *See id.* In her briefing, appellant contends the trial court's denial of her post-judgment motion determines the date for filing a notice of appeal under Rule 26.1(a)(1): October 18, 2023. And she thereafter requested findings of fact and conclusions of law. Thus, appellant argues, her notice of appeal is timely. We disagree.

**Finality of Order Granting Summary Judgment**

A different than usual standard of finality applies when judgment is rendered without a conventional trial on the merits. "Specifically, courts will deem a judgment without a trial to be final '(1) [when the judgment] actually disposes of every pending claim and party or (2) [when] it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so.'" *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023) (citing *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021)). "If the judgment *clearly and unequivocally* states that it finally disposes of all claims and parties, the assessment is resolved in favor of finding finality, and the reviewing court cannot review the record." *Patel*, 661 S.W.3d at 154 (emphasis added).

"'[A] trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable.'" *Id*. at 155 (citing *Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020)). While these statements would be "insufficient when standing alone, together [they] form a clear indication of finality." *Patel*, 661 S.W.3d at 154.

Here, the language of the trial court's July 12 judgment shows it was final and appealable as of that date. The July 12 judgment was rendered after a summary judgment motion and provided each of the three descriptions recognized by *Patel* as indicating finality:

- The court granted summary judgment and "further ORDER[ED] that [appellant] take nothing on her counterclaims against [appellees]."

- "This is a final appealable judgment."

- "All relief not specifically granted is denied."

The July 12 judgment "clearly and unequivocally states that it finally disposes of all claims and parties," and thus "forms a clear indication of finality." *Patel*, 661 S.W.3d at 154; *see Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) ("Although no 'magic language' is required, a trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable."); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

**Conclusion**

The deadline to file a notice of appeal begins to run on the day the trial court signs a final judgment. TEX. R. APP. P. 26.1; *Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *2 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op.). The trial court's ruling on appellant's post-judgment motion to vacate the judgment cannot extend these deadlines beyond the 90-days provided by the rule. *See, e.g., N. Cent. Baptist Hosp. v. Chavez*, No. 04-02-00590-CV, 2021 WL 983351, at *1 (Tex. App.—San Antonio Mar. 17, 2021, no pet.) (mem. op.) (noting the deadline to file a notice of appeal "is not altered by a trial court's ruling on a motion for new trial").

Because appellant did not file her notice of appeal until November 16, 2023, we have no choice but to dismiss this appeal for lack of jurisdiction. *See id.*; *see also Verburgt*, 959 S.W.2d at

617; *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005) (holding court of appeals lacks jurisdiction to consider appeal without a timely notice of appeal).

PER CURIAM