

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00471-CV

**WELLS FARGO BANK, N.A.**,
Appellant

v.

Whitney R. **SALTER**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2023-CI-13404
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: May 14, 2025

DISMISSED FOR WANT OF JURISDICTION

The deadline to file a notice of appeal begins to run on the day the trial court signs a final judgment. TEX. R. APP. P. 26.1; *Morris v. Wells Fargo Bank, N.A.*, No. 01-19-00610-CV, 2019 WL 4677365, at *2 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op.).

In this case, the trial court signed a final, appealable judgment on March 15, 2024. Appellant filed a post-judgment motion[1] on May 2, 2024—48 days after the judgment was signed. That motion was thus untimely. *See* TEX. R. CIV. P. 329b(d), (f). Therefore, appellant's

---

[1] The motion filed was titled "motion to reconsider." While not a motion recognized by Rule 329b, the motion attacks the substance of the final judgment, therefore, we consider the motion as falling within the ambit of that rule.

notice of appeal was due 30 days after the judgment was signed—by April 15, 2024. *See* TEX. R. APP. P. 26.1; TEX. R. CIV. P. 329b. A motion for extension of time to file the notice of appeal was due 15 days thereafter—by April 30, 2024. *See* TEX. R. APP. P. 26.3.

Appellant filed its notice of appeal on July 12, 2024, 119 days after the judgment was signed.[2] As a result, we ordered appellant to show cause why this appeal shouldn't be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3. Appellant did not respond.

"[O]nce the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). We lack jurisdiction to consider an appeal in the absence of a timely notice of appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005).

Because the notice of appeal is untimely, we have no choice but to dismiss this appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a); *Verburgt*, 959 S.W.2d at 617.

PER CURIAM

---

[2] We note that even if the post-judgment motion were timely, the latest time to file a notice of appeal, with a request for an extension, under these circumstances would be 105 days after the judgment was signed. *See* TEX. R. APP. P. 26.1(a).