

# NUMBER 13-25-00425-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARIA F. MARTINEZ,                                                      Appellant,

v.

ORALIA GARZA,                                                           Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 7
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Silva**

This cause is before the Court on its own motion. Appellant Maria F. Martinez filed a notice of appeal attempting to appeal an order granting appellee Oralia Garza's motion to reinstate and motion for new trial in trial court cause number CL-24-2169-G. On August 26, 2025, the Clerk of the Court notified appellant that it appears the order she is attempting to appeal is unappealable. Appellant was further notified that if the defect was

not cured within ten days, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3. On September 3, 2025, appellant filed an amended notice of appeal; however, the notice identified the same order and did not cure the defect.

We have jurisdiction over appeals from final judgments and from certain interlocutory orders made appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see* TEX. GOV'T CODE ANN. § 51.014. When an order does not dispose of all pending parties and claims, the order is interlocutory, and unless a statutory exception applies, the order is unappealable until the trial court signs a final judgment. *See Lehmann*, 39 S.W.3d at 195. An order granting a motion to reinstate under Texas Rule of Civil Procedure 165a(3) is not a final judgment and there is no statute permitting an interlocutory appeal thereof. *See* TEX. R. CIV. P. 165a(3); TEX. GOV'T CODE ANN. § 51.014(a); *see also Blair v. Hutchison*, No. 02-21-00132-CV, 2021 WL 2586615, at *1 (Tex. App.—Fort Worth June 24, 2021, no pet.) (mem. op.). An order granting a motion for new trial rendered within the period of the trial court's plenary power is generally not reviewable on appeal except under very limited circumstances not applicable here. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005); *see also Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985) (noting the two instances when a Texas appellate court has overturned the trial court's grant of a new trial: when the trial court's order was wholly void, and where the trial court specified in the written order that the sole ground for granting the motion was that the jury's answers to special issues were irreconcilably conflicting). We conclude that the trial court's order

2

granting new trial was rendered within the period of the trial court's plenary power. *See Wilkins*, 160 S.W.3d at 563.

Upon review of the documents before us, we are of the opinion that the order appellant attempted to appeal is unappealable, and appellant has failed to correct the defect. Absent an appealable interlocutory order or final judgment, this Court has no jurisdiction over this appeal. *See Ogletree v. Matthews*, 262 W.S.3d 316, 319 n.1 (Tex. 2007); *Lehmann*, 39 S.W.3d at 205. Having considered the documents on file and appellant's failure to correct the jurisdictional defect, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

CLARISSA SILVA
Justice

Delivered and filed on the
20th day of November, 2025.

3