**Opinion issued December 18, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-25-00659-CV**

———————————

**SIGNAD, LTD., Appellant**

**V.**

**STAN APOSTOLO A/K/A STANLEY W. APOSTOLO AND APOSTOLO & ASSOCIATES, INC., Appellees**

———————————

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Case No. 035586**

———————————

## MEMORANDUM OPINION

Appellant, SignAd, Ltd., filed a notice of appeal from the trial court's August 10, 2025 "Order of Dismissal" of appellant's counterclaims, which "resolve[d] all issues between the parties," and was therefore a final judgment for purposes of

appeal. On November 7, 2025, appellant filed an "Unopposed Motion to Abate Appeal," stating that "[t]he trial court previously heard and granted a new trial on the single issue of attorney fees." The appellate record reflects that on October 14, 2025, the trial court signed an order granting the motion for new trial of appellees, Stan Apostolo, also known as Stanley W. Apostolo, and Apostolo & Associates, Inc.

On November 18, 2025, the Court notified appellant that, pursuant to the trial court's order granting new trial, it appeared there was no longer a final judgment over which this Court had jurisdiction. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) ("[W]hen the trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over."); *Wilganowski v. Hemphill*, No. 01-25-00541-CV, 2025 WL 2446360, at *1 (Tex. App.—Houston [1st Dist.] Aug. 26, 2025, no pet.) (mem. op.) ("When a motion for new trial is granted, the appeal becomes moot, and we lose jurisdiction over the appeal because there is no longer a final judgment.").

The Court therefore directed appellant to, within ten days of the date of the order, file a written response establishing that this court had jurisdiction over the appeal. On December 2, 2025, in response to the Court's order, appellant filed a letter with the Court stating that appellant "agree[d] that the judgment . . . was not final because a [n]ew [t]rial was granted" and his "appeal should be dismissed for lack of jurisdiction."

We conclude that we lack jurisdiction over the appeal. We therefore dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.