

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-25-00077-CV

---

Cesar F. Villa, Appellant

v.

Maria Teresa Renteria, Appellee

---

On Appeal from the 388th District Court
El Paso County, Texas
Trial Court No. 2023DCM0945

---

## MEMORANDUM OPINION

Appellant Cesar F. Villa filed this appeal of a judgment for divorce. After a review of the record, we determine that we do not have jurisdiction and dismiss the appeal.

After the trial court announced its ruling but before the entry of the final judgment, Villa filed a petition to reconsider and clarify the final order. The trial court signed the final decree of divorce on March 6, 2025 and Villa filed his notice of appeal the following day. On March 26,

2025, within its plenary power, the trial court signed an order granting partial new trial. Tex. R. App. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). "[W]hen the trial court grants a motion for new trial, the court essentially wipes the slate clean and starts over." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). In absence of a statute permitting interlocutory appeal, a severance order, or other order disposing of all claims of all parties, we lack jurisdiction over the appeal. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019) (appellate courts generally have jurisdiction when there is a final judgment unless a statutory exception allowing interlocutory appeals applies).

We sent notice to Villa and requested that he show a basis for this court's jurisdiction. Villa did not respond to our request.[1] Because the order granting a new trial vacated the final judgment, there is no final appealable order. We dismiss this appeal for want of jurisdiction. All pending motions are dismissed as moot.

MARIA SALAS MENDOZA, Chief Justice

June 22, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[1] Villa did, however, file a motion to dismiss the appeal on the grounds that the parties have reached an agreement resolving the case. When parties to an appeal have reached an agreement, we either render judgment effectuating the agreement, set the trial court judgment aside and remand the case for rendition of judgment, or abate the appeal. Tex. R. App. P. 42.1(a)(2). Because we hold that we lack jurisdiction, we can take none of these actions.