In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00227-CV
_____

IN THE ESTATE OF JEFFREY ALAN WRIGHT

_____

**On Appeal from the 1A District Court**
**Jasper County, Texas**
**Trial Cause No. 35848**

_____

**MEMORANDUM OPINION**

Appellant Randall Joseph Wright (Randall) appeals the trial court's order admitting the will of his brother, Jeffrey Alan Wright (Jeffrey), to probate.

Background

Jeffrey died on April 6, 2016. On September 8, 2016, Randall filed an Application for Letters of Administration and Declaration of Heirship concerning Jeffrey's estate. The application asserted that Jeffrey died intestate and named Jeffrey's heirs. The application requested that Randall, as Applicant, "be appointed Administrator of this Estate; that Letters of Administration be issued to Applicant;

for an order of the Court declaring the heirship of Decedent; that Appraisers not be appointed; that all other orders be entered as the Court may deem proper."

Curtis Wright (Curtis), also Jeffrey's brother, filed his Original Answer denying the allegations in Randall's petition. On December 14, 2016, Curtis filed an Application for Probate of Will as Muniment of Title alleging that Jeffrey left a valid will dated October 2, 2014, witnessed by Clifford Buckner and Terry Kelly, and naming Curtis as Independent Executor. The purported will, allegedly signed by Jeffrey, and a Self-Proving Affidavit, allegedly signed by witnesses Clifford Buckner and Terry Kelly and notarized by Keith Ellis, were attached to the Application. Randall filed an Original Answer denying the material allegations in Curtis's Application and asserting that the will offered for probate was a forgery.

At a bench trial on September 20, 2017, Curtis testified that he did not see Jeffrey sign Jeffrey's will dated October 2, 2014, but believed it was signed in Kirbyville "on the farm." Randall testified that he and his brother Curtis's relationship deteriorated after Jeffrey's death when Curtis learned that his mother in 2013 had appointed Randall as power of attorney over her financial and medical affairs. According to Randall, after Jeffrey died, Curtis had mentioned that he thought Jeffrey had a will, but Curtis never presented one to Randall prior to Randall filing the application to probate Jeffrey's will. The trial court heard the testimony of

a handwriting analyst who concluded that the will was not signed by Jeffrey. Clifford Buckner testified that he witnessed Jeffrey sign the will, Buckner identified his own signature on the second page before a notary, and said he was with Terry Kelly and Keith Ellis when he witnessed Jeffrey signing his will.

On October 4, 2017, the trial court signed an "Order Denying Will to Probate" and found that "said document was not executed by Decedent and, therefore not executed with the formalities and solemnities and under the circumstances required by law to make it a valid will[.]" Curtis filed a Motion for New Trial on the grounds that

> [t]here is newly discovered evidence in that Terry Kelly, a witness to the Will, was previously thought to be unavailable to testify, however, Mr. Kelly is available to testify via a bench warrant because he is incarcerated in the Texas Department of Criminal Justice at the Gist Unit located at 3295 FM 3514, Beaumont, Jefferson County, Texas 77705.

The trial court granted the motion. Upon orally granting the motion for new trial, the trial court stated the following on the record:

> Now, I also -- as far as the expert is concerned, you've already called that expert up here. You paid that money. Unless [Curtis's counsel] wants to call that expert back up here to cross-examine that expert, I'm not -- I'm going to take what that expert had to say from before. I have it on record as well. I will ask my court reporter to get that for me so I can make sure that I have that in front of me as well. I think that's fair enough. If you don't like that, you can call that -- you can call that expert and you can be responsible for paying the expert.

3

On June 6, 2018, after holding a new trial, the trial court signed an Order Admitting Will to Probate as Muniment of Title. On July 9, 2018, the trial court entered the following written findings of fact and conclusions of law:

### Findings of Fact

A. Jeffrey Alan Wright, Deceased, executed a Last Will & Testament prepared by attorney Keith Ellis on October 2, 2014.
B. The above-mentioned Will was witnessed by Clifford Buckner and Terry Kelly on the same day that it was executed.
C. The Will contained a Self-Proving Affidavit signed by Jeffrey Alan Wright, Deceased, Clifford Buckner and Terry Kelly, and notarized by attorney Keith Ellis.
D. Jeffrey Alan Wright, Deceased, died on April 6, 2016 in Jasper County, Texas.
E. Applicant, Curtis Wright, filed his Application for Probate of Will as a Muniment of Title on December 14, 2016, in the Estate of Jeffrey Alan Wright, Deceased.
F. Four (4) years had not elapsed since the date of Decedent's death.
G. This Court has jurisdiction and venue over the Estate.
H. On the date said Will was made, October 2, 2014, Decedent had attained the age of eighteen (18) years and was of sound mind.
I. Said Will was not revoked by Decedent.
J. That all of the necessary proof required for the probate of said Will has been made.
K. That neither the state, a governmental agency of the state, nor a charitable organization is named by said Will as a devisee.

### Conclusions of Law

The Will executed by Jeffrey Alan Wright, Deceased, on October 2, 2014, meets the requirements of a Will outlined in the Texas Estates Code, and is admitted to probate as a muniment of title.

Randall timely appealed the trial court's Order Admitting Will to Probate as Muniment of Title.

Evidence at Trial

At the beginning of the new trial, the trial court confirmed that the handwriting expert would not need to testify again and that the trial court would consider her prior testimony for purposes of the new trial. Curtis's counsel stated that the two witnesses to the will would be available to testify and that the attorney that prepared and notarized the will, Keith Ellis, was also available to testify at the new trial.

Keith Ellis testified that he had known the Wright family "probably 20 years or more[]", and was practicing law in 2014 when he prepared Jeffrey's Last Will and Testament. According to Ellis, Curtis and Jeffrey stopped by Ellis's office one day, Jeffrey "said he needed to do a will, he had cancer and was sick[,]" Ellis said "just give me all the information," which Jeffrey provided that day. Ellis testified that he prepared the will within the next two weeks. Ellis testified he took the will "by their place in Kirbyville, their land there[]" for Jeffrey to proofread, and Jeffrey said, "That's exactly what I want."

Ellis testified that Jeffrey then went outside and brought Clifford Buckner and Terry Kelly inside to witness the execution of the will. Ellis then notarized the Will. Ellis agreed that Exhibit A appeared to be the Will that he prepared, and that the will

5

contains a self-proving affidavit. According to Ellis, the will was executed by Jeffrey Wright, and witnessed by Clifford Buckley and Terry Kelly in the presence of Ellis, Jeffrey Wright was in Ellis's opinion competent to sign the will, and Jeffrey's initials appear on every page. Ellis agreed on cross-examination that he did not have Jeffrey Alan Wright, Clifford Buckner, or Terry Kelly sign his notary book. But, Ellis testified he did have his notary seal in his briefcase that day.

Terry Kelly also testified that when this case first came to trial he was not available to testify because he was in the Larry Gist State Jail. Terry stated that he used to work for Curtis, and on the day in question he and Clifford were at Jeffrey's because Jeffrey's daughter "was having a wedding" and Jeffrey had asked Terry to help get the place "cleaned up[.]" While Terry and Clifford were there outside cleaning up, Jeffrey came outside and asked them to come inside and sign some papers, and Jeffrey said it was his will. According to Terry, he and Clifford both went inside and signed the will.

Clifford Ray Buckner testified that he is Terry's brother-in-law, and Clifford and Terry were at Jeffrey's property "cleaning up[,]" and they were asked to come inside. Clifford agreed that his signature appears on the document.

The attorney for Randall offered no testimony or witnesses at the new trial but stated on the record that it was his understanding that "all testimony given at the hearing on September 20th, 2017, is before the Court[]."

Analysis

In one issue, Randall argues that the trial court erred in admitting the will to probate because the trial court had "previously found, via forensic handwriting expert, that the Will of Decedent was not executed by Decedent, and there was no testimony at the second trial to refute said testimony, therefore, there is no evidence, or in the alternative, the great weight and preponderance of the evidence does not support such finding, and the Court should find that the Decedent died intestate." On appeal, Randall argues that the trial court is bound by its findings in the first trial that the signature on the will was a forgery, and therefore Jeffrey died intestate, and no testimony in the second trial refuted or contradicted the handwriting expert's testimony. Randall concedes he cites no case law on appeal to support his position. On appeal, Randall does not challenge the order granting the new trial.

Granting a new trial has the legal effect of vacating the original judgment and returning the case to the trial docket as though there had been no previous trial or hearing. *See In the Estate of Fells*, No. 09-12-00569-CV, 2013 Tex. App. LEXIS 13203, at **19-20 (Tex. App.—Beaumont Oct. 24, 2013, pet. denied) (mem. op.)

(citing *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005)); *Markowitz v. Markowitz*, 118 S.W.3d 82, 88 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). "Therefore, when the trial court grants a motion for new trial, the trial court 'essentially wipes the slate clean and starts over.'" *In the Estate of Fells*, 2013 Tex. App. LEXIS 13203, at *20 (quoting *Wilkins*, 160 S.W.3d at 563). Once the trial court granted the new trial, the prior findings of the trial court were set aside and had no preclusive effect.

After holding the new trial, the trial court entered findings of fact and conclusions of law. In a bench trial, the findings of fact have the same force and dignity as a jury's verdict. *See Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). In reviewing the legal sufficiency of the evidence, we review the evidence in the light most favorable to the trial court's findings, crediting evidence favorable to the party if a reasonable factfinder could, and disregard contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In reviewing the factual sufficiency of the evidence, we weigh all the evidence and we will set aside the judgment only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.* at 826; *see also Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

Appellant does not state that he is making a legal or a factual sufficiency challenge, but he generally appears to be arguing that the trial court erred because it should have believed the testimony from the handwriting expert that was offered at the first trial, rather than the testimony that was offered at the new trial. The trial court held a new trial and heard additional evidence. In a bench trial, the trial court acts as the factfinder, is the sole judge of the weight and credibility of the evidence, is entitled to resolve any conflicts in the evidence, and may choose which testimony and witnesses to believe. *City of Keller*, 168 S.W.3d at 819; *see also Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). The factfinder may choose to believe one witness over another, and we may not substitute our judgment for that of the factfinder. *Golden Eagle Archery*, 116 S.W.3d at 761.

We overrule the issue raised by Appellant and conclude that the evidence was legally and factually sufficient to support the trial court's findings, and we affirm.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on January 2, 2020
Opinion Delivered March 12, 2020

Before Kreger, Horton, and Johnson, JJ.

9