**Opinion filed July 22, 2021**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-21-00130-CV

_____

## SUZANN RUFF, Appellant

## V.

## WICK PHILLIPS GOULD & MARTIN, LLP, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C49691**

### M E M O R A N D U M   O P I N I O N

Wick Phillips Gould & Martin, LLP (WPGM) filed a motion to dismiss Suzann Ruff's claims pursuant to the Texas Citizen Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2020) (the TCPA). The trial court granted the motion to dismiss, dismissed Ruff's claims with prejudice, and awarded WPGM attorney's fees pursuant to Section 27.009(a)(1) of the TCPA. Ruff appealed the trial court's judgment.

Upon docketing of the appeal, the clerk of this court wrote the parties and informed them that the notice of appeal appeared to have been untimely filed. We

requested that Ruff respond and show grounds to continue the appeal. WPGM subsequently filed a motion to dismiss the appeal for lack of jurisdiction.

Ruff filed a combined motion for extension of time to file a notice of appeal, response to this court's letter, and response to WPGM's motion to dismiss. Ruff asserted (1) that her notice of appeal was timely because the legislature did not intend that an appeal from an order granting a TCPA motion to dismiss be accelerated, (2) that an extension of the time period to file a notice of appeal was justified because the courts of appeals have not uniformly treated appeals from an order granting a TCPA motion to dismiss as accelerated and because her counsel relied on Section 51.014(a)(12) of the Texas Civil Practice and Remedies Code to determine that the appeal was not accelerated, and (3) that this court has authority to grant an extension of time to file the notice of appeal pursuant to the Texas Supreme Court's Thirty-Eighth Emergency Order Regarding the COVID-19 State of Disaster. Because we conclude that the notice of appeal was untimely and that Ruff has failed to show a basis for an extension of time to file the notice of appeal, we dismiss this appeal for want of jurisdiction.

On March 8, 2021, the trial court granted WPGM's TCPA motion to dismiss, dismissed Ruff's claims against WPGM with prejudice, and reserved a ruling on WPGM's request for attorney's fees, court costs, and sanctions. The trial court signed a final judgment on March 27, 2021, in which it referenced the March 8 order, found that WPGM was entitled to attorney's fees pursuant to Section 27.009(a)(1) of the TCPA, and awarded WPGM attorney's fees of $20,000 incurred to pursue the motion to dismiss in the trial court and contingent attorney's fees on appeal. Ruff filed a motion for new trial on April 23, 2021.

The appellate timetables began on March 27, 2021, when the trial court signed the final judgment. Accelerated timetables apply to this appeal because it is an expedited appeal from a trial court's order on a motion to dismiss under

2

Section 27.003 of the TCPA. *See* Civ. Prac. & Rem. § 27.008(b); Tex. R. App. P. 28.1(a); *Deepwell Energy Servs., LLC v. Aveda Transp. & Energy Servs.*, No. 11-20-00067-CV, 2020 WL 1625522, at *2 (Tex. App.—Eastland Apr. 2, 2020, pet. denied) (per curiam) (mem. op.). Thus, the notice of appeal was due to be filed on April 16, 2021—twenty days after the final judgment was signed. *See* Tex. R. App. P. 26.1(b), 28.1(b).[1] Ruff filed the notice of appeal on June 22, 2021—eighty-seven days after the trial court signed the final judgment. The notice of appeal was filed outside the fifteen-day extension period permitted by the rules, *see* Tex. R. App. P. 26.3, 28.1(b), and was therefore untimely. *See Deepwell*, 2020 WL 1625522, at *2.

Ruff first argues that, because the legislature provided for an interlocutory appeal only from an order denying a TCPA motion to dismiss, it did not intend for an appeal from an order granting a TCPA motion to dismiss to be governed by accelerated appellate timetables. *See* Civ. Prac. & Rem. § 51.014(a)(12) (West Supp. 2020) (providing for an interlocutory appeal from an order that denies a motion to dismiss filed under Section 27.003 of the TCPA). However, the availability of an interlocutory appeal is not at issue in this case and, as we determined in *Deepwell*, an appeal from a final order of dismissal under Section 27.003 of the TCPA is an expedited appeal subject to accelerated appellate timetables. *Deepwell*, 2020 WL 1625522, at *2; *see also Lasater v. Thompson*, No. 02-20-00290-CV, 2021 WL 386957, at *2 (Tex. App.—Fort Worth Feb. 4, 2021, no pet.) (mem. op.) (rejecting argument that Section 27.008(b) applied only to an order denying a motion to dismiss because the statute's plain language provided that any appeal from a trial court's order on a TCPA motion to dismiss was expedited and, therefore, accelerated).

---

[1] Ruff's motion for new trial did not extend the time for her to file the notice of appeal. *See* Tex. R. App. P. 28.1(b).

In the alternative, Ruff requests that we grant an extension of time to file a notice of appeal based on the failure of other courts of appeals to consistently apply accelerated timetables to appeals from orders granting a TCPA motion to dismiss. However, regardless of any inconsistency by other courts of appeals in addressing appeals from orders granting TCPA motions to dismiss, when the trial court signed the final judgment on March 27, 2021, this court had held that any appeal from a final order of dismissal under Section 27.003 of the TCPA must be filed pursuant to accelerated appellate timetables. *See Deepwell*, 2020 WL 1625522, at *2.

Absent a timely notice of appeal, this court is without jurisdiction to consider this appeal. *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Deepwell*, 2020 WL 1625522, at *2; *see also Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that, once the fifteen-day period for granting a motion for extension of time has passed, a party can no longer invoke the appellate court's jurisdiction). We note that we are prohibited from suspending the rules "to alter the time for perfecting an appeal in a civil case." Tex. R. App. P. 2. Thus, we are not authorized to grant a motion for extension of time to file a notice of appeal where the notice of appeal and the motion for extension were filed more than fifteen days after the original due date. *Brown v. Underwood*, No. 11-21-00019-CV, 2021 WL 924942, at *1 (Tex. App.—Eastland Mar. 11, 2021, no pet.) (per curiam) (mem. op.); *see also Roll-N-Rock, Inc. v. Patison*, No. 05-15-00164-CV, 2015 WL 5098520, at *2 (Tex. App.—Dallas Aug. 31, 2015, no pet.) (mem. op.) (holding in an appeal from an order granting a TCPA motion to dismiss that the appellate court did "not have the authority to alter the time for perfecting an appeal in a civil case beyond the period allowed for an extension" by the Rules of Appellate Procedure).

Ruff suggests that we have authority to grant an extension of time to file the notice of appeal pursuant to the Texas Supreme Court's Thirty-Eighth Emergency

4

Order Regarding the COVID-19 State of Disaster.[2]  As relevant here, that order provides that:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order, for a stated period ending no later than August 1, 2021[.]

*Thirty-Eighth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 21-9060 (Tex. May 26, 2021) (available at https://www.txcourts.gov/supreme/administrative-orders).  However, even if we assume that the Thirty-Eighth Emergency Order grants us discretion to extend appellate deadlines, we decline to exercise our discretion to do so in this case because Ruff failed to allege any facts in her motion to support that the reason for her delay in filing the notice of appeal was due to the COVID-19 crisis.  *See Carrigan v. Edwards*, No 13-20-00093-CV, 2020 WL 6504418, at *2 (Tex. App.—Corpus Christ–Edinburg Nov. 5, 2020, pet. denied) (mem. op.) ("[T]he pandemic conditions do not generate a blanket excuse which can be used to extend deadlines indefinitely, especially in the absence of any specific explanation for why such extensions are warranted."); *Jones v. White*, No. 02-20-00198-CV, 2020 WL 5666564, at *1 (Tex. App.—Fort Worth Sept. 24, 2020, no pet.) (mem. op.) ("[T]he fact of the pandemic, standing alone, is not a reasonable explanation for a missed appellate deadline.").

---

[2]The Thirty-Eighth Emergency Order was not signed until after the trial court entered final judgment on March 27, 2021, after Ruff's notice of appeal was due on April 16, 2021, and after the fifteen-day period for filing a motion for an extension of time to file the notice of appeal expired on May 3, 2021. *See* TEX. R. APP. P. 4.1(a) (providing that when the last day of a period falls on a Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a Saturday, Sunday, or legal holiday), 26.1(b), 26.3, 28.1(b).  The Texas Supreme Court's Thirty-Sixth Emergency Order Regarding the COVID-19 State of Disaster, which was in effect during the relevant time period, allowed for the extension of certain times periods "for a stated period ending no later than June 1, 2021." *Thirty-Sixth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 21-9026, 2021 WL 866472 (Tex. Mar. 5, 2021).  Ruff did not file her notice of appeal until June 22, 2021.

Ruff's motion for extension of time to file her notice of appeal is denied. Because a late-filed notice of appeal does not confer jurisdiction on this court, we grant WPGM's motion to dismiss and dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

July 22, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.